UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TALETHA MICHELLE COUSINS,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 19-cv-10996
Hon. Matthew F. Leitman

## ORDER GRANTING PLAINTIFF'S COUNSEL'S PETITION FOR ATTORNEY FEES (ECF No. 24)

In this action, Plaintiff Taletha Michelle Cousins challenged the denial of her application for Disability Insurance Benefits. (*See* Compl., ECF No. 1.) On July 8, 2020, the Court entered judgment in favor of Cousins and remanded this action to the Commissioner of Social Security for additional administrative proceedings. (*See* Judgment, ECF No. 22.) On remand, Cousins was awarded past due disability benefits in the amount of $43,668.35. (*See* Notice of Award, ECF No. 24-2.)

On July 28, 2021, Cousins' counsel filed a petition for attorney fees in this action pursuant to 42 U.S.C. § 406(b). (*See* Pet., ECF No. 24.) In the petition, Cousins' counsel seeks "an award of an attorney fee in the amount of $9,022.15." (*Id.*, PageID.713.) Counsel further indicates that if the Court awards her that fee amount, counsel would "repay [Cousins] $3,500 – the amount that was previously

1

awarded under the Equal Access to Justice Act ("EAJA")." (*Id.*, PageID.715.) The Commissioner does not appear to oppose counsel's fee request. (*See* Resp., ECF No. 25.)

The Social Security Act "provides for attorney fee awards up to 25% [of the amount of past due benefits awarded] where the attorney has successfully prosecuted a Social Security disability appeal." *Samona v. Comm'r of Soc. Sec.*, 2018 WL 2159893, at *1 (E.D. Mich. May 10, 2018) (citing 42 U.S.C. § 406(b)). To receive such a fee, "[t]he attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Id.* "A 25% contingency fee agreement is presumptively reasonable, but can be rebutted by a showing that (i) the attorney acted improperly or was ineffective; (ii) awarding 25% would provide the attorney with a windfall due to an extraordinarily large disability benefit, or because the attorney expended minimal effort in obtaining the client's award." *Id.*

Here, for the reasons stated in Cousins' counsel's petition and supporting documents, the Court finds that the requested fee amount is reasonable for the services rendered. On remand, Cousins received over $43,000 in past due benefits. (*See* Notice of Award, ECF No. 24-2, PageID.725.) Thus, because the amount of fees requested does not exceed 25% of the amount of past due benefits awarded to Cousins, the fee request is presumptively reasonable. Moreover, as the

Commissioner acknowledges, the requested fee amount "would not result in a windfall for [Cousins'] attorney." (Comm'r Resp., ECF No. 25, PageID.754.) Finally, Cousins' counsel neither acted improperly nor was ineffective in her representation of Cousins.

For all of these reasons, Cousins' counsel's petition for attorney fees (ECF No. 24) is **GRANTED**. The Court **AWARDS** Cousins' counsel $9,022.15 in attorney fees. Cousins' counsel shall refund to Cousins the $3,500.00 EAJA award within seven days of being paid this fee award.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 9, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 9, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764